(No. 4032)

FORREST G. LAMB, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1948.*

H. OGDEN BRAINARD, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Forrest G. Lamb, filed his complaint on July 3, 1947 for compensation under the Workmen's Compensation Act for injuries he sustained on October 4, 1946 while in the employ of respondent.

He was employed by the Department of Public Works and Buildings, Division of Highways, as an equipment operator. On October 4, 1946 he was removing temporary barricades placed to protect pavement patches on U. S. Route 45 north of Mattoon in Coles County. About 1:15 P. M. and approximately two miles north of Mattoon on this date a barricade frame which was thrown into the truck fell on claimant's right middle and ring finger crushing them between other material in the truck and causing compound comminuted fractures of both terminal phalanges. The Division of Highways took Mr. Lamb to Dr. F. B. Lloyd of Charleston, who treated the injuries. Due to necrosis, it was necessary, on December 19, 1946, to amputate the terminal phalanx of the right third or ring finger. Claimant lost three days from his employment, for which he was paid full salary in the

amount of $16.45. His medical bills, amounting to $115.00, were paid by respondent.

The employee and employer were operating under the provisions of the Workmen's Compensation Act, and we find that claimant was injured out of and during the course of his employment. We also find that respondent had immediate notice of the accident and that claim was filed in apt time to meet the jurisdictional requirements of Sec. 24 of the Act.

The evidence shows that claimant's right ring or third finger was amputated at the proximal end of the terminal phalanx, and the right middle or second finger was left stiff in the first joint and crooked from the first joint to the tip, and that there was permanent injury to the nail. Both fingers also show a drawing by the flexor tendons. Counsel for claimant contends because of this and the fact that three cysts have formed on the ligaments in the palm of the right hand, claimant should be awarded compensation for the permanent and complete loss of the use of both fingers, or, in the alternative, an award for the partial loss of use of the right hand. Dr. Lloyd testified that, in his opinion, there would be 60 to 75 per cent loss of function of the two fingers in question. Sub-paragraphs 3 and 4 of paragraph (e) of Sec. 8 of the Workmen's Compensation Act state—*For the loss of a finger or the permanent and complete loss of its use* * * * Sub-paragraph 6 reads *"The loss of the first or distal phalanx of the thumb or of any finger shall be considered to be equal to the loss of one-half of such thumb or finger."* Commissioner Jenkins, who heard the testimony and personally viewed the injured fingers, recommended an award based upon 50 per cent loss of both the second and third fingers. From the evidence, and the plain wording of the applicable

provisions of the Act, the Court concurs in his finding.

Claimant was absent only three days from his employment, so he is not entitled to any compensation for temporary incapacity; accordingly, the sum of $16.45 paid to him for unproductive time must be deducted from the award. He had no children under 16 years of age. His earnings for the year preceding his injury totaled $2,040.00. The compensation rate would, therefore, be $15.00 per week, which must be increased 20% or to $18.00 per week, the accident having occurred after July 1, 1945. He is, therefore, entitled to an award under Sec. 8 (e) 3 for 17½ weeks at $18.00 per week or $315.00 based on 50% loss of use of his second finger, and to an award under Sec. (e) 4 for 12½ weeks at $18.00 per week or $225.00 based on 50% loss of use of his third finger, or a total award of $540.00, from which must be deducted the sum of $16.45 paid claimant for unproductive time.

An award is therefore made to claimant, Forrest G. Lamb, in the sum of $523.55, all of which has accrued and is payable forthwith.

Helen Bell, Court Reporter, charged $13.50 for taking and transcribing the testimony. We find the amount charged is fair, reasonable and customary, and should be allowed.

An award is therefore made to Helen Bell, Box 188, Charleston, Illinois, in the sum of $13.50.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."